## No. 874

## SCHELLENTRAGER v. McCORMACK

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8345. Decided Oct. 24, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

853. NOVATION—1105 Statute of Frauds —Where creditor releases one debtor and accepts another in his stead, thus making a novation, such agreement is not within the statute of frauds.

Error to Municipal Court.
Judgment affirmed.

Smith, Olds, Smith & Shepherd, Cleveland for Schellentrager.

Cull, Burton & Laughlin, Cleveland, for McCormack.

## STATEMENT OF FACTS

In the court below, the defendant in error was plaintiff and brought her action against Schellentrager to recover the sum of $420. In the trial, she recovered a judgment for the full sum. A motion for a new trial was made and overruled and error is prosecuted to this court on several different grounds.

It seems that one Arthurs had become the owner of a contract of a lot of land which afterwards became the property of Schellentrager, who now owns the title to said property. The contract provided that Arthurs should pay $21 per month on the land contract

and he had become in arrears and had, at various times, applied to Miss McCormack, through his wife, her sister, that she should let them have the money to make these payments. She advanced, at various times, the sum of $420 which went to pay this contract.

Subsequently Arthurs got in arrears again, and, in order to save what Miss McCormack had in the contract, which was practically all that had been paid, Schellentrager and Arthurs and Miss McCormack entered into a triangular agreement, whereby Schellentrager was to have an assignment of this contract from Arthurs to him, and he apparently was to take care of the claim of Miss McCormack.

OPINION OF COURT.

The following is taken verbatim from the opinion.

VICKERY, J.

The record is pretty clear that Miss McCormack gave up any and all rights against Arthurs that she had, and there apparently was a substitution of Schellentrager for Arthurs to pay Miss McCormack's debt, or the debt due Miss McCormack. In other words, there was a novation and plaintiff became the principal debtor and at once owed whatever was due Miss McCormack. If this be true, then it disposes of one of the objections to the judgment that was rendered in the court below, that is, that it was the agreement to pay another's debt and, not being in writing, it comes within the statute of frauds, and is, therefore, unenforcible. We think, because of the arrangement, it shows that it becomes the debt of Schelletrager to Miss McCormack, and therefore it was not within the statute of frauds and did not need to be in writing.

No reversible error appearing on the record, the judgment will be affirmed.

(Sullivan, PJ. and Levin, J. concur.)

---

(Continued from Page 786)

769. MINORS.
Where parents are divorced and minor child is in custody of mother and father is paying alimony and for support of child, father not liable for child's medical services. Hepner v. Feil, OA. 5 Abs. 790.

775. MISTAKE.
See 1012. Reformation of Instruments. Lyon v. Balthis et, OA. 5 Abs. 796.

787. MORTGAGES.
See 362a. Decedent's Estates. Medina Co. Nat. Bk. et v. Foreman, Admx. et, OA. 5 Abs. 787.

829. NEGLIGENCE.
See 118. Automobiles. Feiss v. Hensch, OA. 5 Abs. 792.

853. NOVATION.
Where creditor releases one debtor and accepts another in his stead, thus making a novation, such agreement is not within the statute of frauds. Schellentrager v. McCormack, OA. 5 Abs. 793.

865. OFFICE AND OFFICERS.
See 516. Fees and Costs. State ex Stephenson v. Smith, OA. 5 Abs. 788.

923. PLEADINGS.
See 70. Amendments. Sutherland v. Cleve. Ry. Co., OA. 5 Abs. 791.

1. Allegation, in petition, that laws of foreign state contain same provisions, as to removal of guardian, as are contained in 10940 and 10941 GC., not su ficient, as proof, to comply with 10942 GC.